Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CAUSE NUMBER **CL-17-2024-F** _____

| | | |
|---|---|---|
| ALEXANDER K. ALVARADO<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| v. | §<br>§ | AT LAW NO. _____ |
| UNITED PROPERTY & CASUALTY<br>INSURANCE COMPANY<br>Defendant | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ALEXANDER K. ALVARADO (hereinafter referred to as ("PLAINTIFF"), and files his Original Petition against DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY for cause of action would respectfully show the Court the following:

### I.    Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks damages of monetary relief of $100,000 or less. Specifically, PLAINTIFF seeks damages of monetary relief of no more than $75,000.00. PLANTIFF intends to conduct discovery pursuant to a Level 2 Discovery Control Plan.

### II.    Service of Process

UNITED PROPERTY & CASUALTY INSURANCE COMPANY, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by UNITED PROPERTY &



1



JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

CASUALTY INSURANCE COMPANY in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5. The adjusting and inspection of PLAINTFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### III. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

### IV. Facts

UNITED PROPERTY & CASUALTY INSURANCE COMPANY and/or its agents committed the actions alleged against PLAINTIFF in this petition. PLAINTIFF owns the property located at: 312 Whitewing St., La Joya, TX 78560 with Policy# UTH 0229606 01;

2

Date: JUN 1 2 2017

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

Claim# 2017TX020351. UNITED PROPERTY & CASUALTY INSURANCE COMPANY

provided coverage to the PLAINTIFF for such building, personal property, and other matter.

During the term of said policy, PLAINTIFF sustained covered losses in the form of a

hail/windstorm event on or about May 31, 2016 in HIDALGO County, and water damages

resulting there from, including damage to the architectural finishes of the property.

PLAINTIFF promptly reported losses to UNITED PROPERTY & CASUALTY

INSURANCE COMPANY pursuant to the terms of the insurance policy. As a result,

PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of

the property necessary to access and fix the damaged areas. These are covered damages

under PLAINTIFF'S insurance policy with UNITED PROPERTY & CASUALTY

INSURANCE COMPANY. PLAINTIFF has been damaged in an amount in excess of the

minimum jurisdictional limits of this Court, including injuries sustained as a result of having

conduct business during the pendency of UNITED PROPERTY & CASUALTY

INSURANCE COMPANY'S conduct.

V.     Conditions Precedent

All notices and proofs of loss were timely and properly given to UNITED

PROPERTY & CASUALTY INSURANCE COMPANY in such manner as to fully comply

with the terms and conditions of the relevant insurance policies or other contracts and

applicable law. More than sixty days prior to the filing of this suit, written demand for

payment and notice of complaint pursuant to Texas Insurance Code, section 541 and

Business and Commerce Code section 17.505(a), was sent to UNITED PROPERTY &

CASUALTY INSURANCE COMPANY. All of the conditions precedent to bring about this

suit under the insurance policy has occurred. Despite the fact that all conditions precedent to

PLAINTIFF'S recovery has been performed, UNITED PROPERTY & CASUALTY

3



JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
          Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

INSURANCE COMPANY has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. Breach of Contract

PLAINTIFF purchased an insurance policy with UNITED PROPERTY & CASUALTY INSURANCE COMPANY. PLAINTIFF'S property was damaged by the hail/windstorm and water damage, of which are covered under the insurance policy. UNITED PROPERTY & CASUALTY INSURANCE COMPANY has denied and/or delayed payment of PLAINTIFF'S covered claims. UNITED PROPERTY & CASUALTY INSURANCE COMPANY has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. UNITED PROPERTY & CASUALTY INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of UNITED PROPERTY & CASUALTY INSURANCE COMPANY was irresponsible, and unconscionable. UNITED PROPERTY & CASUALTY INSURANCE COMPANY took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. UNITED PROPERTY & CASUALTY INSURANCE COMPANY has, by its conduct, breached its contract with the PLAINTIFF. The conduct of UNITED PROPERTY & CASUALTY INSURANCE COMPANY has proximately caused the injuries and damages to the PLAINTIFF.

## VII. Second Cause of Action: DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, UNITED PROPERTY & CASUALTY INSURANCE COMPANY has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

4

JUN 1 2 2017

Date:_____

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

(a)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by UNITED PROPERTY & CASUALTY INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, UNITED PROPERTY & CASUALTY INSURANCE COMPANY violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. UNITED PROPERTY & CASUALTY INSURANCE COMPANY conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sues. The conduct of the UNITED PROPERTY & CASUALTY INSURANCE COMPANY was more than just a mistake, and was done "knowingly" and/or "intentionally" as that term is derived by statute. Because of

5

JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

that, UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be subject to

liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF

seeks an award of additional damages under the DTPA in an amount not to exceed three

times the amount of economic damages.

VIII.    Unfair Insurance Practices

UNITED PROPERTY & CASUALTY INSURANCE COMPANY failed to inform

PLAINTIFF of material facts such as the true scope of damage and cost to repair. UNITED

PROPERTY & CASUALTY INSURANCE COMPANY failed to properly process claims

and have misrepresented material facts to the PLAINTIFF. UNITED PROPERTY &

CASUALTY INSURANCE COMPANY has failed to address all damage to the property and

its contents causing further damage to the PLAINTIFF. Further, UNITED PROPERTY &

CASUALTY INSURANCE COMPANY has intentionally failed to fully investigate the loss;

failed to properly convey all information to PLAINTIFF; and has intentionally ignored

damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages

of which UNITED PROPERTY & CASUALTY INSURANCE COMPANY is fully aware.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY has concealed damage

known by it to exist. UNITED PROPERTY & CASUALTY INSURANCE COMPANY has

known about covered windstorm and water damages but has failed to perform proper testing

and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S plea for

help. UNITED PROPERTY & CASUALTY INSURANCE COMPANY has failed to warn

PLAINTIFF of consequential damage to their property.

By its conduct outlined above, UNITED PROPERTY & CASUALTY INSURANCE

COMPANY committed unfair practices in the business of insurance prohibited by Chapter

541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein.

6

JUN 1 2 2017

Date: _____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By: _____
                    Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

UNITED PROPERTY & CASUALTY INSURANCE COMPANY committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY breached its duty of good faith and fair dealing at common law;

(5)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

7



Date: JUN 1 2 2017
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2024-F**

(7)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY violated the

Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY committed the

following unfair methods of competition or deceptive acts or practices in the business

of insurance in violation of Texas Insurance Code and the Texas Administrative Code

by:

    (a)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY made,

issued or circulated or caused to be made, issued or circulated an estimate,

illustration, circular or statement misrepresenting with respect to the policy

issued or to be issued:

        (i)     the terms of the policy; and/or

        (ii)     the benefits or advantages promised by the policy.

    (b)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY made an

untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC

section 21.203(1));

    (c)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY failed to

state a material fact necessary to make other statements made not misleading

considering the circumstances under which statements were made; and

    (d)     UNITED PROPERTY & CASUALTY INSURANCE COMPANY made

statements in a manner that would mislead a reasonably prudent person to a

false conclusion of material fact.

    (e)     Refusing, a settlement offer under applicable first-party coverage on the basis

that other coverage may be available or that third parties are responsible for

the damages suffered, except as may be specifically provided in the policy

(Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);



JUN 1 2 2017

Date:_____

I, Arturo Guajardo, Jr, County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
                Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues.

IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to UNITED PROPERTY & CASUALTY INSURANCE COMPANY, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, UNITED PROPERTY & CASUALTY INSURANCE COMPANY refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, UNITED PROPERTY & CASUALTY INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. UNITED PROPERTY & CASUALTY INSURANCE COMPANY failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFF'S claims in good faith, an affirmative duty placed on the UNITED PROPERTY & CASUALTY INSURANCE COMPANY, as expressly stated by the Texas Supreme Court in *Vail v. UNITED PROPERTY & CASUALTY INSURANCE COMPANY*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, UNITED PROPERTY & CASUALTY INSURANCE COMPANY breached its duty to deal fairly and in good faith with the PLAINTIFF. UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which he sues.

9

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2024-F**

X.      Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to UNITED PROPERTY & CASUALTY INSURANCE COMPANY. UNITED PROPERTY & CASUALTY INSURANCE COMPANY has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S investigation and use of adjusters' reports was an "outcome oriented investigation." UNITED PROPERTY & CASUALTY INSURANCE COMPANY failed to comply with the requirements of Chapter 542 listed herein:

(a)      Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(b)      Failing to request all of the items, statements and forms the UNITED PROPERTY & CASUALTY INSURANCE COMPANY reasonably believed at the time would be required from PLAINTIFF'S to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from UNITED PROPERTY & CASUALTY INSURANCE COMPANY the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFF'S allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the

JUN 1 2 2017
Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by UNITED PROPERTY & CASUALTY INSURANCE COMPANY as to any exclusion, condition, or defense pled by UNITED PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by UNITED PROPERTY & CASUALTY INSURANCE COMPANY violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with UNITED PROPERTY & CASUALTY INSURANCE COMPANY. In this regard, PLAINTIFF would show that her insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

11

JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2024-F**

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, UNITED PROPERTY & CASUALTY INSURANCE COMPANY is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

### XII. Damages

As a result of the conduct of UNITED PROPERTY & CASUALTY INSURANCE COMPANY, PLANTIFF seeks damages of monetary relief of $75,000 or less.

### XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show herself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the UNITED PROPERTY & CASUALTY INSURANCE COMPANY for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

### XIV.   Jury Demand

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

12

JUN 1 2 2017

Date:_____

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2024-F**

XV.     Requests for Disclosure

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that UNITED

PROPERTY & CASUALTY INSURANCE COMPANY disclose, within 50 days of the

service of this request, the information or material described in Texas Rule of Civil

Procedure 194.

Respectfully submitted,

**THE LAW OFFICE OF S. MANGI, P.C.**

121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

*/s/ Surya Mangi*
**SURYA MANGI**
State Bar No. 24078912
surya@mangilawoffice.com
**SAURABH MANGI**
State Bar No. 24055896
*ATTORNEYS FOR PLAINTIFF*

13

JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office
By:_____
                    Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

## CL-17-2024-F

### Instructions and Definitions

1.  "You" or "Your" means the party responding to requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against UNITED PROPERTY & CASUALTY INSURANCE COMPANY in this lawsuit.

3.  "Insured Location" means the real property at the location described in the Policy declarations.

4.  "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.  "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.  "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.  "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against UNITED PROPERTY & CASUALTY INSURANCE COMPANY in this lawsuit.

8.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.  "The Claim" means the insurance claim made the basis of the breach of contract claim You have made against UNITED PROPERTY & CASUALTY INSURANCE COMPANY in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
                          Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2024-F**

13.    "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.    You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.    Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

15



JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.
By:_____
            Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

## CL-17-2024-F

### INTERROGATORIES

1.  Please identify any person you expect to call to testify the time of trail.

    **ANSWER:**

2.  Identify the persons involved in the investigation and handing of Plaintiff's claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

    **ANSWER:**

3.  If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    **ANSWER:**

4.  Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

    **ANSWER:**

5.  State the following concerning notice of claim and timing of payment:

    a. The date and manner in which you received notice of the claim
    b. The date and manner in which you acknowledged receipt of the claim
    c. The date and manner in which you commenced investigation of the claim
    d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
    e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

    **ANSWER:**

6.  Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

    **ANSWER:**

7.  Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

    **ANSWER:**

16

JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

8.   Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims.

**ANSWER:**

9.   When was the date you anticipated litigation?

**ANSWER:**

10.   From November 1, 2010 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

**ANSWER:**

11.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**ANSWER:**

12.   Do you contend that the insured premises was damaged by flood water, storm surge and/ or any excluded peril? If so, state the general factual bases for this contention.

**ANSWER:**

13.   Do you contend that any act or omission by Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

**ANSWER:**

14.   Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

**ANSWER:**

15.   How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:

   a.   what performance measures are used
   b.   describe your bonus or incentive plan for adjusters

17

JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr, County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

c.    have any listed in response to requests for production had a criminal
record/record of complaint with the Texas Department of Insurance,
performed a violation of company claim handling procedures

**ANSWER:**

18

Date: JUN 1 2 2017

I, Arturo Guajardo, Jr. County Clerk do
hereby certify that this is a true and
correct copy of the original document
filed in my office.

By:
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

### DEFINITIONS

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Also note that Rule 196.3(c) provides that a party shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

Please be advised that the undersigned intends to use the documents you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

1. "You" or "Your" means the party responding to requests.

2. "The Policy" means the insurance policy that is the basis of claims made against UNITED PROPERTY & CASUALTY INSURANCE COMPANY in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5. "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against UNITED PROPERTY & CASUALTY INSURANCE COMPANY in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim You have made against UNITED PROPERTY & CASUALTY INSURANCE COMPANY in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data

19

JUN 1 2 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____
Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-2024-F

compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12.    "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13.    "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.    You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.    Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

20

Date: JUN 1 2 2017

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
          Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2024-F**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  The claim and underwriting files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the policy, file jackets, "field" files and notes, and drafts of documents contained in the file.

    RESPONSE:

2.  The electronic diary, including the electronic and paper notes made by UNITED PROPERTY & CASUALTY INSURANCE COMPANY's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

    RESPONSE:

3.  Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of storm claims and complaints made by policy holders in Texas from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

    RESPONSE:

4.  The Operation Guides which relate to the handling of claims in Texas in effect from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

    RESPONSE:

5.  The adjusting and engineering reports, notes, correspondence, estimates, appraisals, photographs and/or recordings prepared concerning Plaintiff's underlying claims.

    RESPONSE:

6.  If you dispute the cause of the loss produce the engineering reports in your possession regarding damage to property within a one-mile radius of the Plaintiff's insured property.

    RESPONSE:

7.  The price guidelines that pertain to the handling of claims arising out of storm damage. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

    RESPONSE:

8.  The Plaintiff's file from the office of their insurance agent.

Date: JUN 1 2 2017

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.

By: _____
                    Deputy Clerk

Electronically Submitted
5/8/2017 1:29:16 PM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-2024-F**

RESPONSE:

9.   The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiff's claims.

RESPONSE:

10.  The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from

RESPONSE:

11.  "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses, third party payments and billing statements.

RESPONSE:

12.  The documents reflecting reserves applied to the subject claim.

RESPONSE:

13.  For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

14.  The managerial and adjuster bonus or incentive plan for managers responsible for storm claims in effect for the time period January 1, 2010 to date.

RESPONSE:

15.  If a third party engineer evaluated the subject property, provide the correspondence between UNITED PROPERTY & CASUALTY INSURANCE COMPANY insurer and third party adjuster and documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

RESPONSE:

JUN 1 2 2017

Date: _____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____
         Deputy Clerk